IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENTRELL DAVIS, | § | |
| Movant, | § § § | |
| V. | § § | NO. 4:19-CV-504-O (NO. 4:17-CR-264-O) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Kentrell Davis, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-264-O, styled "United States v. Herman Sanders, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On January 19, 2018, movant was named in a one-count superseding information charging him with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c). CR Doc.[1] 88. Movant and his counsel signed a waiver of indictment. CR Doc. 90. They also signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 91. They also signed a plea agreement pursuant to which movant agreed to plead guilty to the offense charged in the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-264-O.

superseding information. CR Doc. 92. The plea agreement stated that movant faced a term of imprisonment for a period of years up to life; movant understood his sentence would be determined by the Court after consideration of the sentencing guidelines, which were not binding but advisory only; no one could predict the outcome of the Court's consideration of the sentencing guidelines; and, movant would not be allowed to withdraw his plea if his sentence was higher than expected. *Id.* The plea agreement further stated that the plea was freely and voluntarily made and was not the result of force or threats or promises apart from those set forth. *Id.* It contained a waiver of movant's right to appeal and to pursue a motion under § 2255 except under certain circumstances. *Id.* And, the plea agreement stated that movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with his representation. *Id.*

On January 23, 2018, movant appeared before the Court to enter his plea of guilty. CR Doc. 101. At the hearing, movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone including his attorney as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; any discussion with his attorney concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts; he understood that he had the right to be indicted by a grand jury and waived that right; he committed the essential elements as set forth in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; he read the plea agreement and discussed it with his attorney and received satisfactory explanations; he understood that he could receive a sentence of life

2

imprisonment;[2] he was waiving the right to appeal and to challenge his conviction and sentence in collateral proceedings, including under § 2255, except in certain instances; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, the stipulated facts in the factual resume were true. CR Doc. 445 at 2–28. The Court found that the plea was knowing and voluntary. *Id.* at 29.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 24. CR Doc. 215, ¶ 32. He received two-level increases for unduly influencing a minor to engage in prohibited sexual conduct, *id.* ¶ 33, because the offense involved use of a cell phone to post advertisements soliciting commercial sexual activity, *id.* ¶ 34, and because the offense involved a commercial sex act. *Id.* ¶ 35. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 42, 43. Based on a total offense level of 27 and a criminal history category of II, movant's guideline imprisonment range was 78 to 97 months. *Id.* ¶ 88. The PSR also set forth reasons that might warrant departure. *Id.* ¶ 100. The government filed objections, arguing that movant's base offense level should be 30 under U.S.S.G. § 2G1.3, CR Doc. 299, and the probation officer prepared an addendum to the PSR. CR Doc. 317. Both the government and movant filed objections to the addendum. CR Doc. 319; CR Doc. 326. The probation officer prepared a second addendum. CR Doc. 356. The probation officer noted that the government continued to argue that movant's base offense level should be 30 and that the officer would leave the matter to the Court. *Id.* at 1.

---

[2] As discussed at the hearing, movant's concern was that the statutory maximum was life. CR Doc. 445 at 22–23. He clearly understood the statutory range and the role of the guidelines in the case. *Id.* at 23. He did not dispute his counsel's statement that the plea agreement was a tactical measure to prevent additional charges from being filed against him. *Id.* at 22.

On May 21, 2018, movant was sentenced to a term of imprisonment of 151 months. CR Doc. 385. The Court sustained the government's objection to the PSR, CR Doc. 446 at 3–4, and found that movant's total offense level should be 33 with a guideline imprisonment range of 151 to 188. *Id.* at 5. The Court clarified that it was not applying a mandatory minimum but determining that the facts that were actually stipulated in the factual resume established that 1591(b)(2) would apply. *Id.* at 5–6. Movant appealed. CR Doc. 393. His appeal was dismissed as frivolous. *United States v. Davis*, 749 F. App'x 303 (5th Cir. 2019).

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

4

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first ground, movant says that his conviction was obtained by a plea that was unlawfully induced or not made voluntarily. As supporting facts, he says he signed a plea agreement in reference to "conspiracy to commit sex trafficking 1591(A)(1)(A)(2) 78 to 97 months," and that the plea was changed on the day of sentencing to "conspiracy to engage in sex trafficking (b)(1)(B)(2) 151 to 178 months." Doc. 1 at 8. As the government notes, this ground could and should have been raised on direct appeal. Movant has made no attempt to show both cause and prejudice to be able to proceed here. *Shaid*, 937 F.2d at 232.

Even if movant could proceed with this ground, the record establishes that it has no merit. Movant agreed to plead guilty to violating 18 U.S.C. § 1594(c). CR Doc. 92, ¶ 2. His factual resume likewise stated that movant was pleading guilty to count one of the information, which charged him with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c). CR Doc. 91. Both documents referenced 18 U.S.C. § 1591(a)(1) and (a)(2) as the underlying substantive offense. CR Doc. 91 at 1; CR Doc. 92, ¶ 2. The Court accepted movant's plea to that charge. CR Doc. 445 at 28. And, he was sentenced for violating § 1594(c). CR Doc. 446. There was a difference of opinion between the government and the probation officer as to which guideline provision should apply to determine movant's base offense level. The government contended that 2G1.3 should apply; the probation officer relied upon 2X1.1. CR Doc. 299; CR Doc. 317. The Court agreed with the government. CR Doc. 446 at 3–4.

Movant's plea was knowing and voluntary. His misunderstanding, if any, as to the potential application of the guidelines does not render his plea involuntary or unknowing. *United States v. Tamayo*, 502 F. App'x 404, 405 (5th Cir. 2012); *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir.

2002), *abrogated on other grounds as recognized by United States v. Grammas*, 376 F.3d 433, 437–38 (5th Cir. 2004). Clearly, he understood the consequences of the plea and the maximum possible penalty he faced. *United States v. Hernandez*, 234 F.3d 252, 254–55 & n.3 (5th Cir. 2000).

In his second ground, movant alleges that his conviction was obtained by a coerced confession. As supporting facts, he simply defines the term "coerce" and says that he "was told to take the plea or else." Doc. 1 at 8. The allegation is wholly conclusory and fails to state a ground upon which relief can be granted. *Miller*, 200 F.3d at 282.

The Court can only surmise that the "or else," as movant's counsel explained at arraignment, was that the government might file additional charges against movant. CR Doc. 445 at 22. The same could be said in the case of any plea. That movant understood the reality that additional charges could be brought does not make his plea coerced. He testified under oath that no one had made any promises or threats of any kind to cause him to plead guilty. Further, he stated that the stipulated facts were true and correct. His solemn declarations in open court at his rearraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises (or, in this case threats) inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If,

7

however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory denial of facts he long ago admitted, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for his counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of January, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**